# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Andre Francisco** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR00189-001JB**<br>USM Number: **60621-051**<br>Defense Attorney: **Brian Pori, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6) | Assault Resulting in Serious Bodily Injury, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 08/27/2010 | S2 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **S1 of Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 30, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 31, 2012**
Date Signed

Defendant: **Andre Francisco**
Case Number: **1:11CR00189-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed July 31, 2012 (Doc. 51)("MOO"). On March 22, 2011, a federal grand jury charged Defendant Andre Francisco with two counts in a superseding indictment: (i) Count 1 -- knowingly and unlawfully assaulting Laughlin with a dangerous weapon, a knife, and intent to do bodily harm in violation of 18 U.S.C. §§ 1153 and 113(a)(3); and Count 2 -- knowingly and unlawfully assaulting Lance Laughin, which resulted in serious bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). See Superseding Indictment at 1, filed March 22, 2011 (Doc. 18). On August 15, 2011, Francisco pled guilty to Count 2 of the Superseding Indictment, that being Crime in Indian Country and Assault Resulting in Serious Bodily Injury. See Plea Agreement ¶ 3, at 2, filed August 15, 2011 (Doc. 35). Plaintiff United States of America asserts that it will not oppose a sentence at the low end of the sentencing range and stipulates that the injury sustained was "bodily injury." Plea Agreement ¶ 9(a), at 6. The parties also stipulate that Francisco has demonstrated acceptance of responsibility, such that he is entitled to a 3-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 9(b), at 6. Francisco agrees that he will not seek a downward departure or variance from the applicable sentencing range. See Plea Agreement ¶ 9(d), at 7. He also waives the right to appeal his conviction and any sentence within or below the applicable sentencing guideline. See Plea Agreement ¶ 13, at 9.**

**On October 14, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on Francisco. The USPO calculates a base offense level of 14, based upon U.S.S.G. § 2A2.2(a) and Francisco cutting the victim`s face. See PSR ¶ 25, at 7. The PSR applies a 4-level increase, pursuant to U.S.S.G. § 2A2.2(b)(2)(B), based on a dangerous weapon being used. See PSR ¶ 26, at 8. The PSR then applies a 3-level increase, pursuant to U.S.S.G. § 2A2.2(b)(3)(c) and the stipulation in the Plea Agreement, based upon the victim sustaining a "bodily injury." PSR ¶ 27, at 8. The USPO notes that, because Laughlin`s face is permanently disfigured and scarred, Francisco should receive a 6-level increase pursuant to U.S.S.G. § 2A2.2(b)(3)(c). See PSR ¶ 27, at 8. The PSR also applies a 3-level reduction in offense level based on Francisco`s acceptance of responsibility and U.S.S.G. § 3E1.1. See PSR ¶ 32, at 8. Accordingly, the PSR calculates a total offense level of 18. See PSR ¶ 33, at 8. The USPO calculates a criminal history category of III, based upon 4 criminal history points. See PSR ¶ 39, at 10. Francisco received criminal history points for the following convictions: (i) in 2006, conspiracy to sell/give alcoholic beverages to minors; (ii) in 2007, shoplifting; (iii) in 2007, possession of alcoholic beverage by a minor; and (iv) in 2010, possession of marijuana. See PSR ¶¶ 35-38, at 9-10. A total offense level of 18 and a criminal history category of III, establishes a guideline imprisonment range of 33 to 41 months. See PSR ¶ 71, at 16. The USPO notes that it considered whether a downward departure based on U.S.S.G. § 4A1.3, Departures Based on Inadequacy of Criminal History Category, applies because Francisco`s four convictions are misdemeanors. See PSR ¶ 85, at 18. The USPO notes, however, that Francisco has a juvenile conviction for burglary which did not receive criminal history points and two additional arrests which did not result in convictions. See PSR ¶ 85, at 18. It asserts that Francisco is only twenty-four years old and has accumulated five convictions, such that a criminal history category of III adequately reflects the seriousness of his criminal history and/or likelihood of recidivism. See PSR ¶ 85, at 18. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Francisco moves the Court for an 18-month sentence. The United States asks the Court for a guideline sentence. The PSR calculates that a total offense level of 18 and a criminal history category of III, establishes a guideline imprisonment range of 33 to 41 months. See PSR ¶ 71, at 16. The Court has modified the guideline calculation, applying a 6-level enhancement under U.S.S.G. § 2A2.2(b)(3) rather than a 3-level enhancement. Other than on the application of that 6-level enhancement, the Court adopts the PSR`s guideline calculation as its own. A criminal offense level of 21 and a criminal history category of III, establishes a guideline imprisonment range of 46 to 57 months.**

**The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Francisco`s offense. The Court concludes that a sentence of 24 months is sufficient to reflect the seriousness of this offense. The Court has identified approximately six factors that counsel in favor of a downward variance. While Francisco`s uncle`s conduct did not warrant a departure, it played some role in the commission of the offense. The Court commonly sees family members getting into fights when alcohol is involved, and neither family member is usually entirely to blame. Francisco has also had little parental guidance in his life with the untimely death of his mother and the absence of his father from his life; grandparents can be very meaningful, but because of their age, ultimately are not a complete**

substitute. Alcohol also played a large role in the offense. Treating his alcohol problems is an important consideration, so the Court would like to get him to supervised release quickly to address those problems. Furthermore, Francisco has shown some signs that he is willing to fight his alcohol problem based on his post-offense rehabilitation. While Francisco`s criminal history category was not so severe that it warranted a departure, many of his prior convictions are relatively minor misdemeanors. He committed his most serious prior offense when he was fourteen, an age when young men often make poor decisions. The Court also takes into account that Laughlin has asked the Court not to impose a lengthy sentence, and desires that Francisco address the problems in his life and then be able to move on. Taking into account those factors, a variance equating to a reduction of 6 levels on his offense level is appropriate. A criminal offense level of 15 and a criminal history category of III establishes a guideline imprisonment range of 24 to 30 months. Ultimately, a sentence of 24 months is a appropriate. A larger sentence is not necessary to adequately reflect the factors in 18 U.S.C. § 3553(a).

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 24 months is appropriate to reflect the seriousness of Francisco`s crime. Other conditions that the Court will require as part of supervised release will also provide Francisco with some needed education, training, and care to prevent his criminal acts from reoccurring, specifically those related to his alcohol problems. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This offense is the first felony conviction Francisco has, and that will carry with it serious consequences for the rest of his life. Thus, the Court concludes that the sentence reflects the seriousness of the offense, promotes respect for the law, and provides adequate deterrence to both Francisco specifically and the public generally. There are various mitigating circumstances, as the Court has discussed, that counsel in favor of a lower sentence, so the Court concludes that the sentence provides just punishment. Once, and if, Francisco gets his alcohol problems under control, his likelihood of committing violent offenses will decrease. Thus, the Court concludes that the sentence protects the public, because it is important to get Francisco to supervised release to help him face his alcohol problems. Furthermore, given the mitigating circumstances the Court has discussed, the Court concludes that the sentence does not promote unwarranted sentencing disparities among similarly situated defendants. Accordingly, the Court finds that this sentence fully and effectively reflects the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Francisco to 24-months imprisonment.

☒   The court makes the following recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
  ☐   at  on
  ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/10) - Sheet 3 - Supervised Release  Judgment - Page 5 of 7

Defendant: **Andre Francisco**
Case Number: **1:11CR00189-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Andre Francisco**
Case Number: **1:11CR00189-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs, alcohol, and weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The defendant shall reside at and complete a program at a Residential Re-Entry Center, approved by the probation officer, for a period of six months.**

**The defendant shall not have any direct or indirect contact or communication with the victim, or go near or enter the premises where the victim resides, is employed, attends school or treatment, except under circumstances approved in advance and in writing by the probation officer.**

**The Defendant must participate in and successfully complete an outpatient substance abuse treatment program, which may include testing, as approved by the probation officer. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

Defendant: **Andre Francisco**
Case Number: **1:11CR00189-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A    ☒   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Restitution act is applicable in this case; however, the victim in this case has not requested restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.